UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARC RASHAND GUYTON                                                    CIVIL ACTION

VERSUS                                                                  NUMBER: 15-1884

ST. BERNARD PARISH PRISON, ET AL.                                       SECTION: "S"(5)

## REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Marc Rashand Guyton, against Defendants, the St. Bernard Parish Prison ("SBPP") and unidentified U.S. Marshals for the Eastern District of Louisiana. (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of SBPP in Chalmette, Louisiana, who came to be incarcerated there during the pendency of the criminal proceeding against him entitled *United States of America v. Guyton, et al.*, No. 11-CR-271 "H"(3).[1] Plaintiff alleges that he has been denied due process and meaningful access to the courts in that he has not had access to a law library at SBPP for the purpose of preparing for trial and, more recently, in connection with his direct criminal appeal. (Rec. doc. 1, p. 5). In his prayer for relief, Plaintiff asks that he be transferred to a penal facility under the auspices of the Bureau of Prisons where he will presumably have greater access to a law library. (*Id.*).

---

[1] Pursuant to a plea agreement with the Government, on December 17, 2014, Guyton was sentenced in that case to 240 months imprisonment to be followed by five years of supervised release for conspiracy to possess with the intent to distribute one kilogram or more of heroin. (Rec. doc. 1145 in No. 11-CR-271).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claims against the named Defendants falter for a variety of reasons. First, with respect to Defendant, SBPP, that facility is a building, not an entity or person who is capable of being sued under §1983 and who is capable of being cast in judgment under Rule 17(b), Fed.R.Civ.P. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998). As for the remaining Defendants, unidentified U.S. Marshals for the Eastern District of Louisiana, without the specific identification of one or more of them by name, there is similarly no person(s) who has adequately been identified for service purposes, much less an individual(s) against whom judgment could be entered under Rule 17(b). Even if Plaintiff had specifically identified by name one or more Marshals as Defendants herein, no §1983 claim against them would lie here as they are federal officials acting under federal law and not state actors acting under color of state law as that civil rights statute requires. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987). Construing Plaintiff's lawsuit as one brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971), Plaintiff fares no better. Having failed to specify in his complaint whether the unnamed Marshals were being sued in their official or individual capacity, it is generally presumed by

operation of law that they were sued in their official capacity. *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). In a *Bivens* action, however, federal officials may only be sued in their individual capacity. *Lemarr v. John Doe Marshal(s) United States Marshals Service*, No. 05-CV-0167, 2008 WL 2078159 at *3 (S.D. Tex. May 15, 2008)(citing *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1294 n. 12 (5th Cir. 1994)).

Additional, more substantive reasons exist for the dismissal of Plaintiff's complaint. A review of the record of his federal criminal proceeding reveals that Guyton was represented by able court-appointed counsel all the way through sentencing. (Rec. docs. 27, 1139 in No. 11-CR-271). Although the pair of attorneys who represented Guyton throughout the trial-court level proceedings were allowed to withdraw subsequent to Guyton's filing of a *pro se* notice of appeal (rec. docs. 1147, 1149 in No. 11-CR-271), successor counsel from the CJA Panel has since been designated to represent him for appeal purposes and that attorney was recently disallowed by the Fifth Circuit from withdrawing from his representation. *United States of America v. Guyton*, No. 14-31423 (5th Cir. Sept. 16, 20150 (unpublished order). Throughout the time that he has been incarcerated at SBPP, Guyton has thus been and continues to be represented by court-appointed counsel. "A criminal defendant who is represented by counsel has meaningful access to the courts vis-à-vis the criminal action pending against him." *Ford v. Foti*, 52 F.3d 1068, 1995 WL 241811 at *3 (5th Cir. 1995)(citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981)). Under these circumstances, Guyton's right of access to the courts, as guaranteed by the Constitution and as interpreted by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491 (1977), was clearly satisfied by his representation by counsel in his criminal proceeding. *Chisolm v. Terral*, No. 12-CV-0437, 2013 WL 6669617 at *2 (E.D. La. Dec. 18,

2013)(and cases cited therein). Moreover, as Guyton identifies no non-frivolous grounds that he was allegedly prevented from pursuing as a result of the library access of which he complains, he has failed to demonstrate that level of prejudice needed to prevail on an access-to-courts claim. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974 (1992).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   1st   day of                October              , 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE